UNITED STATES of America,
Plaintiff-Appellee,

v.

Felix LUGO, Jr., Defendant-Appellant.

No. 79–5082

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 2, 1979.

Larry R. Laden (court-appointed), Austin, Tex., for defendant-appellant.

Jamie Boyd, U.S. Atty., LeRoy Morgan Jahn, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

PER CURIAM:

In a trial before the court, appellant Felix Lugo, Jr. was found guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. App. § 1202(a). On appeal, he contends that there was insufficient proof of his possession of the firearm in question. We disagree and affirm his conviction.

The firearm in question was discovered by an agent of the Bureau of Alcohol, Tobacco and Firearms in the custody of E–Z Pawn and Rentals, a pawnshop in Austin, Texas. Lugo does not dispute that he was present when the firearm was pawned, that he signed the pawnshop ticket, and that his driver's license was shown to Albert Fernandez, the pawnshop employee on duty at the time. Fernandez testified at trial that according to pawnshop procedures the person who brought in the gun was required to sign the pawn ticket and provide identification. Fernandez could not, however, definitely remember seeing Lugo in the store in possession of the firearm in question. His testimony that the appellant possessed the gun was based on his knowledge of shop procedures and his avowed adherence to them at all times.

Lugo emphasizes the lack of visual identification testimony in contending that there was insufficient evidence that he actually possessed the gun. He contends now that his brother was the possessor of the firearm, but could not find his driver's license when he sought to pawn it, and therefore asked the appellant to use his license and

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

sign the ticket. Fernandez testified, however, that he would not have allowed the appellant to sign unless he was in possession of the gun. Lugo did not testify at trial and introduced no evidence to support the story involving his brother. Indeed, he appears to have come forward with it for the first time on appeal.

Taking the view most favorable to the Government, we conclude that substantial evidence supports the trial court's determination that Lugo was in possession of the firearm in question in violation of 18 U.S.C. App. § 1202(a). From Fernandez's testimony and from the pawnshop ticket bearing appellant's signature, the trial court "could reasonably, logically, and legally infer . . . that [Lugo] was guilty beyond a reasonable doubt." *United States v. Littrell*, 5 Cir., 1978, 574 F.2d 828, 832.

AFFIRMED.